

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Hon. T. M. Trimble
First Assistant State Superintendent
Austin, Texas

Dear Sir:

Opinion No. O-3466
Re: Contract between Milano
Independent School Dis-
trict and its superin-
tendent.

We have your letter of April 26, 1941, outlining the following facts:

"The Milano Public School is an independent school district, having less than 5,000 scholastics. At the regular meeting of the Board of Trustees on January 4, 1938, a motion was made and carried to elect C. N. Heath as Superintendent of Schools for the next two-year term.

"At a called meeting of the Board on October 27, 1938, a motion was made and carried to extend the contract of C. N. Heath to include the years 1940-1941 and 1941-42."

And you request our opinion in response to this question:

"Is the remaining year of the extended con-tract referred to above valid and binding upon the Milano Board of Trustees?"

Said school district was created by special act of the Legislature in 1917. H. B. 95, Ch. 38, p. 592, 1st C. S. 35th Leg. Sections 2 and 3 of said Special Act read as follows:

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. T. M. Trimble, Page 2

"Sec. 2. Said Milano Independent School
District shall have and enjoy all the rights, powers,
privileges and duties conferred and imposed upon in-
dependent school districts incorporated under the
General Laws of the State of Texas.

"Sec. 3. The management and control of all
school affairs of the Milano Independent School
District as created by this Act shall be vested
in a Board of seven Trustees, who shall be elected
by the qualified voters of said Independent School
District at the time and in the manner provided by
the General Statutes for the election of trustees
in independent school districts; provided that
immediately upon the taking effect of this Act the
county judge of Milam county shall order an election
to be held in said Independent School District for
the purpose of electing seven school trustees. Said
trustees when elected shall meet and organize as
provided by the General Statutes and shall determine
by law which three shall serve for two years or un-
til the first Saturday in April, 1919, and which four
shall serve for one year or until the first Saturday
in April 1918; and their successors shall be elected
from time to time as provided by the General Statutes
governing trustee elections in independent school
districts."

The boundaries of the District were enlarged by
H. B. 170, 4th C. S., 35th Legislature. We assume that the
District still operates under the above special acts. Art-
icle 2781, Revised Civil Statutes, reads:

"The Board of Trustees of any city or town
or any independent school district may employ a
superintendent, principal, teacher, or other exe-
cutive officers in the schools therein for a term
not to exceed three years, provided that the Board
of Trustees of an independent school district
which had a scholastic population of 5,000 or more
in the last preceding scholastic year may employ
a superintendent, principal, teacher, or other
executive officers in the schools therein for a

Honorable T. M. Trimble, Page 3

term not to exceed five years. All twelve-month contracts made by trustees of independent school districts with employees herein mentioned shall begin on July first and end on June 30th of the year terminating the contract."

Assuming that no other contract stood in the way, on October 27, 1938, could the parties have made a contract covering the three school years 1939-1940, 1940-1941 and 1941-1942? If so, we think that by mutual consent they could amend their existing contract so as to make the contract cover that period of time. Otherwise not. It resolves itself down to the question as to when the three year contract mentioned in Article 2781 may start.

Is the three years to be measured from the date of this contract? We do not think so. For, in actual practice, it would be a limitation of two years. Most such contracts are made, and manifestly it is good practice that they should be made before schools close in the spring. To hold that the three years would start from the date of the contract would have such contracts ending while school is in session. We do not believe such a construction should be adopted unless compelled, and in our opinion it is not.

Does the three year provision apply only to the length of the term of the contract, thus leaving the parties to make a contract covering any three year period in the future, say a term beginning in September 1945? Likewise we do not believe that was intended, such construction would be unwholesome and is not compelled.

The meaning left is that the limitation is to a period of three years beginning with the next ensuing school year. To us this construction seems the most reasonable. The next ensuing school year after October 27, 1938, was the year 1939-1940. And the school year 1941-1942 is the third year of the contract. Our affirmative answer follows to your question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*
Glenn R. Lewis
Assistant

APPROVED MAY 8, 1942

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:lh

APPROVED
OPINION
COMMITTEE
BY [signature]
CHAIRMAN